UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GONZALES,<br><br>        Plaintiff,<br><br>    v.<br><br>CITIMORTGAGE, INC, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-14-4059 EMC<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

       On September 12, 2014, the Court granted Plaintiff's ex parte application for a temporary restraining order, prohibiting Defendant CitiMortgage, Inc. from foreclosing on Plaintiff's home until the Court had an opportunity to receive briefing and hold a hearing on whether a preliminary injunction should issue. Dkt. No. 15. The Court held a hearing on this question on October 10, 2014. For the reasons stated on the record, as supplemented herein, Plaintiff's request for a preliminary injunction will be **GRANTED**.

       "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest.'" *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7 (2008)). Where the balance of equities tip sharply in plaintiff's favor and the irreparable harm and public interest factors are satisfied, a preliminary injunction may issue where plaintiff shows the existence of "serious questions going to the merits" of her claim. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff has established a likelihood of irreparable harm. *See Saba v. Caplan*, No. C10-02113 SBA, 2010 WL 2681987, at *5 (N.D. Cal. July 6, 2010) ("The loss of one's home through foreclosure generally is considered sufficient to establish irreparable harm."). Further, the balance of equities and public interest weigh in favor of granting a preliminary injunction as cost to the defendant of the injunction – the delaying of foreclosure by a matter of months – pales in comparison to the risk of irreparable harm should Plaintiff lose her home. *See, e.g.*, *Brinker v. JP Morgan Chase, N.A.*, No. 13-CV-01344-LHK, 2013 WL 7798675 (N.D. Cal. May 17, 2013) ("Moreover, the balance of equities tips in Plaintiff's favor because, in the absence of preliminary injunctive relief, Plaintiff faces the sale of his property. In contrast, injunctive relief will only delay Defendant's sale of the Property."); *Sencion v. Saxon Mortg. Servs., LLC*, No. 10-cv-3108-JF, 2011 WL 1364007, at *3 (N.D. Cal. Apr. 11, 2011) ("[I]t is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their homes.").

Finally, Plaintiff has established that serious questions exist as to her claim under California Civil Code § 2923.6. Specifically, a factual dispute exists as to whether Plaintiff completed the documentation Defendant required and needed. While Defendant maintains that the package she submitted was on the wrong form, Plaintiff contends she did not see the request to submit the package on a different form. Nor has Defendant established on the current record that the completed forms submitted by Plaintiff were not adequate to complete the modification application. Finally, there is a factual dispute as to whether Plaintiff suffered a material change in her financial condition after the date of her last loan modification. Thus, serious questions exist as to whether the exception contained at § 2923.6(g) applied to excuse Defendant of the duty to consider Plaintiff's loan modification application.[1]

---

[1] Defendant currently has a motion to dismiss and a motion to strike which, in part, argue for dismissal of the § 2923.6 claim based on the application of § 2323.6(g). This motion is currently set for hearing on November 13, 2014 and briefing has not yet completed. This Court's finding that serious questions exist on the merits of this claim essentially establishes that Plaintiff could state a claim under § 2323.6. However, the Court relied on a number of documents and facts that are not contained in the complaint. Accordingly, in order to avoid needless expense and motion practice in light of this Court's ruling, the briefing on Defendant's motions is **SUSPENDED** and the hearing date is **VACATED**. The parties are **ORDERED** to meet and confer in an attempt to reach a stipulation as to the filing of an amended complaint that would address some, if not all, of Defendant's arguments. If a stipulation is reached, Plaintiff shall file an amended complaint by

2

Accordingly, Plaintiff's request for a preliminary injunction is **GRANTED**. Under Federal Rule of Civil Procedure 65(c), a court may only issue a preliminary injunction "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)). For the reasons stated on the record, the Court orders Plaintiff to submit $2,000 a month to the Court's registry as security for any damage the Defendant may suffer should it eventually be shown that they have been wrongfully enjoined. Plaintiff's first payment will be due within 10 days of this order and subsequent payments will be made on the same date every month. Plaintiff shall provide Defendant with evidence of each payment made. Failure to make timely payments will result in the dissolution of the preliminary injunction.

IT IS SO ORDERED.

Dated: October 10, 2014

_____
EDWARD M. CHEN
United States District Judge

---

October 22, 2014 and Defendant shall have 21 days to respond.
     The Case Management Conference in this matter is rescheduled for Thursday, November 13, 2014 at 9:30am.

3