United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GONZALES, | No. C-14-4059 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO STRIKE, AND DENYING DEFENDANT'S MOTION TO DISMISS** |
| CITIMORTGAGE, INC, *et al.*, | |
| Defendants. | **(Docket Nos. 38-39)** |

## I. FACTUAL & PROCEDURAL BACKGROUND

In 1997, Plaintiff purchased a property located in Rodeo, California. FAC at ¶ 8. Since then, Plaintiff has lived on that property with her children. *See* FAC at ¶ 8, 11. Following her divorce, Plaintiff encountered financial difficulties which made it harder for her to pay her mortgage. FAC at ¶ 11. After continued difficulties and entering default, Plaintiff contacted Citimortgage ("Defendant") regarding foreclosure prevention options on May 12, 2014. FAC at ¶ 14. In the course of discussions, Defendant's employee, Susan Polcyn, represented that Plaintiff was pre-qualified for a loan modification, and provided Plaintiff with a list of documents that would be necessary to complete her loan modification. *Id*. As of June 13, 2014, Plaintiff had provided every document requested by Defendant pursuant to Plaintiff's loan modification application. FAC at ¶ 22.

On August 15, 2014, Defendant caused to be recorded a Notice of Trustee's Sale for Plaintiff's Property which indicated that Plaintiff's property is scheduled to sell on September 15, 2014. FAC at ¶ 23. At no point before August 15, 2014 did Plaintiff receive a response regarding her loan modification application. *Id*.

On October 22, 2014, Plaintiff filed an amended complaint, alleging that Defendant's recordation a Notice of Trustee Sale violated Sections 2923.6 and 2924.17 of the California Civil Code. Docket No. 34. Currently pending before the Court is Defendant's motion to (1) strike Plaintiff's request for damages; and (2) dismiss Plaintiff's claims as legally deficient.

## II.  DISCUSSION

A.  Motion to Strike

    1.  Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter". Fed. R. Civ. P. 12. Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal.1991).

    2.  Request for Damages

Plaintiff's complaint provides two causes of action for violations of Sections 2923.6 and 2924.17 of the California Civil Code. Both of these code sections are a part of the Home Owner's Bill of Rights (HBOR) and regulate foreclosure proceedings.

Section 2923.6 provides, in relevant portion:

> (c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> > (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
> >
> > (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
> > (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

1 | Cal. Civ. Code § 2923.6

2 | Section 2924.17 provides, in relevant portion:

> [A] notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence.
>
> (b) Before recording or filing any of the documents described in subdivision
>
> (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Cal. Civ. Code § 2924.17.

Defendant argues that neither of these causes of action entitle Plaintiff to the punitive, actual, compensatory or statutory damages it requests. Specifically, Defendant argues that because a foreclosure sale has not – and will not – take place, the Plaintiff is statutorily limited to injunctive relief, attorney's fees, and costs.

The HBOR provides a claim for monetary damages for any material violations of Sections 2923.6 and 2924.17 that go uncorrected prior to the recordation of a trustee deed upon sale. *See id*. § 2924.12(b) ("***After*** a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, **2923.6**, 2923.7, 2924.9, 2924.10, 2924.11, or **2924.17**. . ."); *see also id*. § 2924.12(c) ("A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent ***shall not be liable*** for any violation that it has corrected and remedied ***prior to the recordation of a trustee's deed upon sale***, or that has been corrected and remedied by third parties working on its behalf prior to the recordation of a trustee's deed upon sale."). HOBR further provides that "[a] court may award a prevailing borrower reasonable attorney's fees and costs[.]" *Id*. § 2924.12(i). The law defines a "prevailing borrower" as one who has "obtained injunctive relief or was awarded damages pursuant to this section." *Id*.

3

Here, it is undisputed that no trustee's deed upon sale was filed and that no foreclosure has taken place. *See* Docket No. 30. Because a foreclosure sale has not taken place, and thus a trustee deed upon sale has not been recorded, Plaintiff has not stated a claim for damages under § 2924.12(b) and (c). *See Vasquez v. Bank of Am. , N.A.*, No. 13-CV-02902-JST, 2013 WL 6001924, at *7 (N.D. Cal. Nov. 12, 2013) ("Plaintiff's claims in FAC ¶ 27 for <u>actual damages</u>, attorneys' fees, and treble damages are unavailable until such time as the deed upon sale has been recorded."). Hence, Plaintiff's request for damages must be stricken, but it is without prejudice should a foreclosure take place in violation of § 2923.6.

Plaintiff's counter-arguments are mistaken. First, Plaintiff argues that its request for damages should survive because it will seek leave to add a claim for wrongful foreclosure – which could support its request for damages. However, a future and contingent amendment does not cure the defective request for damages in the *current* operative complaint – which is the subject of the motion. *See* Fed. Rule Civ. Proc., R. 12(f).

Second, Plaintiff argues that it is entitled to punitive damages because it alleged that Defendant committed its violations with a conscious disregard of the Plaintiff's rights. Docket No. 42 at 2 (citing *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1286 (1994) (stating that punitive damages can, in some cases, be supported by a showing that a violation was carried out "by the defendant with a willful and conscious disregard of the rights or safety of others"). This argument is unavailing because it does not address the statutory lack of authority to award damages prior to a foreclosure sale as discussed above.

Accordingly, the Court **GRANTS** Defendant's motion to strike Plaintiff's request for disgorgement, actual, compensatory, statutory, exemplary and punitive damages, without prejudice.

B.   Motion to Dismiss

    1.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court

4

must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

2. <u>California Civil Code Section 2923.6</u>

California Civil Code Section 2923.6(c) provides, in relevant portion:

> (c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent **shall not** record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code § 2923.6(c) (emphasis added).

Plaintiff alleges that Defendant violated § 2923.6 by doing what that section say its "shall not." Specifically, Plaintiff alleges that Defendant recorded a notice of sale *after* Plaintiff submitted a complete application for a loan modification, but *before* the modification plan was rejected by

either party or defaulted upon by the Plaintiff. FAC ¶ 29. These facts are sufficient to state a claim for violation of § 2923.6.

In response, Defendant argues that it is insufficient for a plaintiff to plead a mere violation of § 2923.6; rather, a plaintiff "must plead a *material* violation of § 2923.6" to state an actionable claim. Docket No. 38 at 3 (emphasis added). According to Defendant, § 2924.12(a)(1) creates a materiality element. That section provides, in relevant portion:

> If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a ***material violation*** of Section 2923.55, **2923.6**, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.

Cal. Civ. Code § 2924.12(a)(1) (emphasis added).

Defendant argues that the premature recording of a foreclosure-related document – such as a Notice of Trustee Sale – is a "material" violation only if the borrower was in fact *qualified* for the modification. According to Defendant, Plaintiff's claims are insufficient because she has not alleged that she was actually qualified for a modification.

However, Defendant's proposed reading imposing such a "materiality" requirement of Section 2923.6(c) makes little sense and would conflict with the intent of the California Legislature in its drafting and passage of the Home Owner's Bill of Rights (HOBR) – in which Section 2923.6(c) is codified. There are a number of technical procedural provisions of 2923.6, violations of which might not materially affect the borrower. For example, a lender could violate 2923.6(f)(3) if it denies a lender's modification application on the basis of a net present value (NPV) calculation, but fails to include the gross income used to carry out the calculation in its formal letter of denial. Such a violation might not materially effect the borrower if the gross income used is undisputed and the borrower's application for modification received meaningful consideration.

In contrast, Section 2923.6(c) prohibits the recording of foreclosure documents prior to even the *determination* of whether a borrower will receive a modification to its loan. Given the specific directive of Section 2923.6(c), any violation of its prescribed sequence would appear to be inherently prejudicial; initiating foreclosure before processing a loan modification request deprives the borrower of the opportunity expressly preserved by Section 2923.6.

6

Moreover, the preamble to the Home Owner's Bill of Rights (HOBR) makes clear why Defendant's construction is wrong. That preamble provides, in relevant portion:

> It is essential to the economic health of this state to mitigate the negative effects on the state and local economies and the housing market that are the result of continued foreclosures by modifying the foreclosure process *to ensure that borrowers who **may qualify** for a foreclosure alternative **are considered** for, and have a meaningful opportunity to obtain, available loss mitigation options*. These changes to the state's foreclosure process are essential to ensure that the current crisis is not worsened by unnecessarily adding foreclosed properties to the market *when an alternative to foreclosure **may be available***. Avoiding foreclosure, ***where possible***, will help stabilize the state's housing market and avoid the substantial, corresponding negative effects of foreclosures on families, communities, and the state and local economy.

Cal. Senate Bill No. 900, Ch. 87 (emphasis added). This preamble expresses the legislature's clear intent that HOBR protect homeowners that *may* qualify for a foreclosure alternative, and to ensure that homeowners that *might* qualify have a "meaningful *opportunity* to obtain" "foreclosure alternative[s]." When read in conjunction with Section 2923.6(c), the Court finds that the intent of the legislature in creating the claim for injunctive relief in Section 2924.12 was to provide California homeowners a right to preserve their "opportunity" to be "considered for" a loan modification or other foreclosure alternative. Defendant's reading would limit its protection to those who can prove *qualification* for a modification, not those who "may qualify" therefor. This reading conflicts with the intent of the California legislature manifested in the preamble to the HOBR.

Furthermore, the remedial structure of Section 2923.6 makes clear the statute's protection of those who may qualify for modification is not limited to those who are in fact qualified. Prior to recording of the trustee deed of sale, the plaintiff is entitled only to injunctive relief to stop foreclosure. Cal. Civ. Code § 2924.12(a)(1). Once enjoined, a lender may then dissolve the injunction by making the determination of whether the borrower qualifies for a modification. *Id*. § 2924.12(a)(2) The right to a pre-foreclosure injunction thus obtains *prior* to any determination by the lender of the borrower's qualification for modification. It makes no sense to require a plaintiff to prove qualification for a modification, in order to obtain a injunction meant to preserve the opportunity to prove he or she qualifies for a modification.

7

In support of its reading, Defendant cites *Johnson v. PNC Mortgage*, No. C 14-02976 LB, 2014 WL 6629585, at *10 (N.D. Cal. Nov. 21, 2014). In *Johnson*, the Johnsons brought suit against PNC mortgage for – among other things – "robo-signing" an assignment of their mortgage in violation of § 2924.17. *Id*. at *10. Section 2924.17 provides:

> Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Cal. Civ. Code § 2924.17. The Johnsons argued that PNC's "robo-signing" of the assignment – a document described in subdivision (a) – constituted an actionable violation of Section 2924.17 because it was done without reviewing "competent and reliable evidence" to ensure the Johnsons had defaulted on their loan before selling the Johnson's foreclosed property. *Id*. The court rejected this argument, and held that Section 2924.19 mandated that only "material" violations of Section 2924.17 were actionable. *Id*.

Similar to Section 2924.12, Section 2924.19 provides:

> (a)(1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a **material violation** of Section 2923.5, 2924.17, or 2924.18 . . .
>
> (b) After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a **material violation** of Section 2923.5, 2924.17, or 2924.18 by that mortgage servicer, mortgagee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale.

Cal. Civ. Code § 2924.19.

The *Johnson* court read this code section to limit actionable violations of "[s]ection[s] 2923.5, 2924.17, or 2924.18" to those that are material to the claimant's loan modification process. *Id*. The court reasoned that the "qualifier 'material' must mean something" and that damages provided under Section 2924.17 must be limited to violations that result in harm – not any and all violations. *Id*.

Unlike the instant case where Plaintiff seeks a pre-foreclosure injunction, a materiality requirement to obtain damages for violation of Section 2924.17 may make sense; if the lender had

8

1 not reviewed "competent and reliable evidence" to substantiate the right to default, but the lender
2 did in fact have such a right, the legislature could logically have provided that no money damages
3 should be awarded to the defaulting buyer. *Johnson* might be more persuasive to argue a similar
4 materiality requirement (as suggested by Defendant) be applied to an action for damages under §
5 2924.12(b) for violation of § 2923.6(c). Here, however, Plaintiff seeks an injunction to preserve
6 prospectively its procedural right – the *opportunity* to obtain a loan modification. As noted, the
7 materiality requirement advocated by Defendant would undercut the core of Section 2923.6(c).

The Court **DENIES** the motion to dismiss Plaintiff's Section 2923.6 claim.

C.  California Civil Code Section 2924.17

California Civil Code Section 2924.17 provides, in relevant portion:

> Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Cal. Civ. Code § 2924.17(b). One of the documents "described in subdivision (a)" of § 2924.17 is a notice of trustee sale.

Here, Plaintiff alleges that Defendant caused a notice of trustee sale to be filed "without substantiating its right to foreclose." FAC ¶ 32. Similar to Plaintiff's allegations regarding § 2923.6, Plaintiff alleges conduct that violates the explicit requirement of § 2924.17. Cal. Civ. Code § 2924.17(b) ("Before recording or filing [a notice of trustee sale] a mortgage servicer shall ensure that it has . . . substantiate[d] . . . [its] right to foreclose"). Taken as true, and viewed in the light most favorable to the Plaintiff, these allegations are sufficient to state a plausible cause of action for violation of § 2924.17.

Defendant argues that Plaintiff's claim is insufficient because it "does not allege that NBS Default Services LLC was acting as an agent for [Defendant]" when it recorded the prohibited notice. This argument is unpersuasive because Plaintiff alleges that Defendant *caused* the notice to be filed. Thus, irrespective of the identity of the entity that physically filed the notice of trustee sale,

1 Plaintiff's allegations indicate that the notice of trustee sale was filed by an agent of the Defendant
2 acting on Defendant's behalf.  Such allegations are sufficient to state a claim under Section 2924.17.
3     Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's § 2924.17 claims.
4     This order disposes of Docket Nos. 38 and 39.

6     IT IS SO ORDERED.

8 Dated:  June 3, 2015

                                                      _____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California

10